# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
                                            :
LINDA JABREN                       :        CIVIL ACTION NO.
            Plaintiff,                  :        302CV100 (AHN)
                                            :
v.                                         :
                                            :
JOHNSON CONTROLS, INC.    :
            Defendant.               :
_____:        November 2, 2004

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, this Court's Pre-Trial Order and Standing Order Regarding Trial Memoranda in Civil Cases, the Plaintiff, Linda Jabren, respectfully submits the following requests to charge. The Plaintiff reserves her right to amend or supplement these proposed instructions in response to events which occur during the trial.

1.    **BASIS OF SUIT**

The Plaintiff, Linda Jabren, has brought this suit against the Defendant Johnson Controls, Inc. in two counts.  First, she claims that, when the Defendant suspended and terminated her in March 2001, it discriminated against her because of her sex, in violation of a federal statute known as Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991 and a Connecticut statute, known as the Connecticut Fair Employment Practices Act, C.G.S. §46a-60 et seq.   Specifically, the Plaintiff contends that the Defendant discriminated against her because she is female.  Second, the Plaintiff claims that when the Defendant terminated her employment, its actions were retaliatory and, that this retaliation violated Title VII and the Connecticut Fair Employment Practices Act. Specifically, the Plaintiff contends that the Defendant retaliated against her because she had previously complained of an unlawful employment practice by the Defendant.

The claims of discrimination and retaliation are separate and distinct.  That is, you may find that the Plaintiff was discriminated against but that the Defendant is not liable for retaliating against her because of her complaints, or vice versa.   You may also find a violation with respect to all these claims or none of them.  You should consider each of these claims separately.  I will separately explain the law with respect to each claim.

2.    **IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT**

The testimony of a witness may be discredited or impeached by showing that the witness previously made statements that are inconsistent with his testimony in court.

Unless the prior statements were made under oath and subject to the penalty for perjury, the earlier statements are admissible only to impeach the credibility of witness, and not to establish the truth of what was asserted in the statements. As to such statements, your duty is solely to determine whether they do or do not impeach the witness.

However, if you do find that the earlier statements are inconsistent with the witness' trial testimony, even if the trial testimony was a mere failure to recall, and the earlier statements were made under oath subject to perjury, then you may also regard the earlier statements as proof of what is asserted in the statements as well as for their impeachment value. It is up to you to determine whether you believe the earlier or the later testimony to be true.

It is also up to you to determine what credibility, if any, you will give the testimony of a witness who has been impeached by an earlier inconsistent statement. If a witness is shown to have knowingly testified falsely concerning any matter of importance to this case, you have a right to distrust any other portions of the witness' testimony, though you need not do so. You may reject any or all of the testimony of that witness or give it such credibility or weight as you think it deserves.[1]

---

[1]    See Devitt & Blackmar, Fed. Jury Practice & Instructions, §§ 71.08; 73.01; 73.05-73.11 (hereinafter "Devitt & Blackmar").

3.    **EMPLOYER LIABILITY**

The Defendant in this action is a corporation, and acts through its employees. With respect to Title VII, a corporation is liable to a victimized employee for the discriminatory acts of a supervisor with immediate or higher authority over the employee.   It may seem to you somewhat strange that the Defendant could be held liable for conduct on the part of its supervisors which the Defendant did not specifically authorize and might not even have been aware of.  It is, however, established law that under certain circumstances an employer may be liable for wrongs, even willful wrongs, done by its supervisor employee if the wrongs are committed during the scope of the supervisor's employment duties and in furtherance of the employer's business.

The employer's liability rests upon a principle of public policy, that if a corporation or group of people prefer to manage their business affairs through another, the corporation is bound to manage them in such a way that no person shall suffer injury from wrongs done by that other, while engaged upon the employer's business and acting within the scope of his employment.  Under the circumstances of this case, since it is undisputed that James Nelson, Michael Amenabar, and Dawn Vernieri were employees of the Defendant who were given the authority to make decisions with regards to the Plaintiff's employment, I instruct you as a matter of law, that the defendant is liable for their acts.

Therefore, if you find that the Plaintiff has proven by the preponderance of the evidence that there was discrimination or retaliation by James Nelson, Michael Amenabar, or Dawn Vernieri, you must find that the Defendant Johnson Controls, Inc. is liable for that discrimination.[2]

---

[2]    Burlington Industries Inc. v.  Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 2270 (1998);

## 4.     <u>EMPLOYER DISCRETION</u>

It is not your role to decide whether the Defendant treated the Plaintiff fairly or unfairly.  You cannot find for the Plaintiff simply because you feel sorry for her or because of some general feeling that she deserved better from her employer.  Your sole responsibility is to decide whether the Plaintiff has proven that the Defendant violated the law.[3]

---

<u>Bank of Montreal v. Gallo</u>, 3 Conn. App. 268, 273, 487 A. 2d 1101 (Conn. App. 1985); <u>cert</u> <u>denied</u>, 195 Conn. 803, 491 A. 2d 1103 (1985).

[3]     <u>Thornley v. Penton Publishing, Inc.</u>, No. 2:92-CV-51 (RNC), *Charge of the Jury*, 4/28/95, pp. 13-14.

**5.   DISCRIMINATION IN VIOLATION OF TITLE VII AND THE CONNECTICUT     FAIR EMPLOYMENT PRACTICES ACT**

The Plaintiff has brought claims of sex discrimination in violation of state and federal law.  She alleges that the Defendant's conduct violates both the Title VII of the U.S. Civil Rights Act of 1964 and Connecticut Fair Employment Practices Act.  The analysis of whether the Plaintiff has proven discrimination by a preponderance of the evidence is the same under state or federal law.  Therefore I will instruct you as to the method for finding discrimination for each of these laws together. If you find for that the defendant has violated Title VII, you must also enter a verdict for the Plaintiff on her claim under the Connecticut Fair Employment Practices Act.[4]

Both state and federal law make it is unlawful for an employer to discriminate against or terminate an employee because of her sex, and under both laws it would be unlawful for an employer to terminate an employee because the employee is female. Now this does not mean that an employer is required to give special, favorable treatment to female employees.  Instead, employers are to make employment decisions affecting their employees without regard to an individual's sex.  Under both laws, the sex of an employee is to have a neutral status.

---

[4]    Levy v. CHRO, 236 Conn. 96, 103, 671 A. 2d 349 (1996); Ann Howard's Apricot's Restaurant, Inc. v. Commission on Human Rights & Opportunities, 237 Conn. 209, 225, 676 A. 2d 844 (1996); Hill v. Pinkerton Security Investigative Services, Inc., 977 F.Supp. 148, 153 (D.Conn. 1997).

Simply because an employer takes unfavorable action toward an employee who is female does not mean that an act of discrimination has taken place. Under both laws, it is up to the Plaintiff to prove, by the preponderance of the evidence, that her sex was a motivating factor in the Defendant's decision to fire her.

The Plaintiff is not required to produce direct evidence that she was terminated because of her sex. Employers rarely admit that they have selected an individual for termination for a reason expressly forbidden by law. Unlawful discrimination, when it exists, is rarely admitted. Rather it is a fact that may be inferred from the existence of other facts - that is, it may be proven through circumstantial evidence. Your role as jurors will be to analyze all of the facts and circumstances and to determine, whether it is more likely than not that the fact that Linda Jabren is a woman was a motivating factor in the Defendant's decision to terminate her.

Now the plaintiff does not have to prove that her sex was the sole or exclusive factor motivating the Defendant's decision. Sex may be one of a number of factors that motivate an employer's decisions. In fact, the plaintiff does not even have to prove that the fact that she is female was the principal factor in the decision to terminate her. A motivating factor is a factor that makes a difference in the defendant's decision, played a part in the defendant's decision, or was a consideration that moved the defendant toward its decision. Your role as a jury will be to analyze all the facts and circumstances and to determine, based on a preponderance of the evidence, whether Ms. Jabren's sex was a factor that made a difference with respect to the Defendant's decision to terminate her.

In order to determine whether discrimination was a motivating factor in the Defendant's treatment of the plaintiff, you should consider all of the evidence of intent

or motive that may be available.  As I have already told you, in determining the

Defendant's motivation, you should consider that intent or motive can rarely be

established by direct evidence and must often be proved circumstantially and by

inference.

Among the circumstantial evidence that you may consider in order to determine

whether the defendant's intent or motive was discriminatory are the following:

First, the employer's practice with respect to other employees may assist you in

drawing an inference that the Plaintiff's sex was a factor that made a difference.  A

conclusion on your part that the Defendant discriminated against another employee

does not, by itself, prove that the Defendant discriminated or retaliated against the

Plaintiff but if you conclude that the Plaintiff's evidence shows that discrimination or

retaliation was a motivating factor in the Defendant's treatment of another employee,

you may consider that evidence in drawing an inference that it was a motivating factor

in the Defendant's treatment of her.

Second, a failure to follow the Defendant's normal policies or procedures might

be evidence that improper purposes are playing a role.

Third, you may consider whether the reasons offered by the defendant for its

actions are believable or whether they are a pretext for discrimination.  Actions taken by

an employer for no logical reason constitute strong evidence of an intent to

discriminate.  If you find that the defendant's reasons are not worthy of belief, this alone

may be sufficient to establish that defendant's actions were taken with a discriminatory

motive.  Resort to a pretextual explanation may itself be viewed as evidence that the

plaintiff has proven her case.

However, it is up to you to decide, based on all of the evidence presented,

whether or not Ms. Jabren has proven that it is more likely than not that the Defendant

acted with a discriminatory motive. [5]

---

[5]      Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148, 120 S. Ct. 2097 (2000); O'Connor v. Consolidated Coin Caterers Corporation, 517 U.S. 308, 116 S. Ct 1307 (1996); Price Waterhouse v. Hopkins, 490 U.S. 228, 250, 109 S. Ct. 1775, 1791 (1989) (plurality opinion); McDonnell Douglas Corp. v. Green, 411 U.S. 792; 93 S. Ct. 1817  (1973) Holtz v. Rockefeller & Co., 258 F. 3d 62, 78-9 (2d Cir. 2001); Weinstock v. Columbia University, 224 F. 3d 33 (2d Cir. 2000), cert. denied, ___U.S.___, 124 S. Ct. 53 (2003); Carlton v. Mystic Transport, Inc., 202 F. 3d 129, 135 (2d Cir. 2000), cert denied, 530 U.S. 1261, 120 S. Ct. 2718 (2000); banks v. Travelers, 180 F. 3d 358, 367 (2d Cir. 1999); Norton v. Sam's Club, 145 F.3d 114,118 (2d Cir. 1998); cert denied 525 U.S. 1001, 119 S. Ct. 511, (1998); Kirsh v. Fleet Street, Ltd, 148 F.3d 149, 162 (2d Cir. 1998); Danzer v. Norden System, Inc. 151 F.3d 50, 54 (2d Cir. 1998); Owen v. Thermatool Corporation, 155 F.3d 137, 139 (2d Cir. 1998); Stern v. Trustees of Columbia University, 131 F.3d 305, 312 (2d Cir. 1998); Fisher v. Vassar College, 114 F.3d 1332, 1333-1337 (2d Cir. 1997) (en banc), cert denied 522 U.S. 1075, 118 S.Ct. 851 (1998); Renz v. Gray Advertising, Inc., 135 F.3d 217 (2nd Cir. 1997);Luciano v. the Olsted Corporation, 110 F.3d 210, 215 (2d Cir. 1997); Stratton v. Department of Aging for the City of New York, 132 F.3d 869, 878 (2d Cir. 1997); Reed v. A.W. Lawrence & Co. Inc., 95 F.3d 1170, 1177 (2d Cir. 1996); Binder v. Long Island Lighting Co., 57 F.3d 193, 199 (2d Cir.1995); Cronin v. AetnaLife Insurance Co., 46 F.3d 196, 203 (2d Cir. 1995);Cabrera v. Jakabovitz, 24 F.3d 372, 380-83 (2d Cir. 1994) cert. denied 513 US, 876 115 S. Ct. 205 (1994); Ostroski v. Atlantic Mut. Ins. Companies, 968 F.2d 171, 180-1 (2d Cir. 1992); Owens v. New York Housing Authority, 934 F.2d 405, 409 (2d Cir.) cert denied,  502 US 964, 112 S. Ct. 431 (1991); Rose v. James River Paper Company, 2 F.Supp. 2d 245, 253 (D.Conn. 1998); Zimitti v. Aetna Life Insurance, 1999 WL 781587 * 11, *12 (D. Conn. Sept. 14,1999); Ragin v. Laidlaw Transit Inc., 1999 WL 977603 * 2 (D. Conn. Oct. 4,1999); Shkolnick v.  Combustion Engineering, Inc., 856 F. Supp. 82 (D. C. Conn. 1994).

6.    **RETALIATION IN VIOLATION OF TITLE VII AND THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT**

As I told you, the Plaintiff's claims are brought under state and federal laws which prohibit employment discrimination.  Those laws, known as Title VII and the Connecticut Fair Employment Practices Act, also make it unlawful for an employer to discriminate against, discipline or discharge an individual who opposes a discriminatory practice or who files a complaint against alleged discrimination in the workplace.  Both Title VII and the Connecticut Fair Employment Practices Act provide protection for such employees from retaliation by their employer.  Additionally, as with discrimination claims, the analysis of retaliation claims brought under both Title VII and the Connecticut Fair Employment Practices Act is the same.[6]  Therefore, I will instruct on these two alleged violations together. Ms. Jabren can prove unlawful retaliation under either state or federal law by showing that she was retaliated against for opposing her discriminatory treatment and taking her concerns regarding her treatment to Human Resource employee Dawn Vernieri.

---

[6]    Levy v. CHRO, 236 Conn. 96, 103, 671 A. 2d 349 (1996); Ann Howard's Apricot's Restaurant, Inc. v. Commission on Human Rights & Opportunities, 237 Conn. 209, 225, 676 A. 2d 844 (1996); Hill v. Pinkerton Security Investigative Services, Inc., 977 F.Supp. 148,153 (D.Conn. 1997).

In order to prove that she was retaliated against for opposing Johnson Control's sex discrimination or for filing a complaint, the Plaintiff must show that: (1) she engaged in protected activity, such as filing a complaint or protesting to her supervisor; (2) she was subsequently disciplined or discharged; and (3) there is a casual connection between the protected activity and the discipline or discharge. That is, that the Plaintiff's complaint regarding what she believe to be discriminatory conduct based upon her sex was a motivating factor in the Defendant's decision to discipline her and terminate her employment.

To engage in protected activity it is not necessary for the Plaintiff to have complained to a state or federal agency responsible for handling discrimination matters. It is enough for Ms. Jabren to prove that she opposed the alleged discriminatory practice or made a complaint utilizing an internal company process. It is also not necessary for the Plaintiff to prove that her original complaint of sex discrimination was accurate. It is enough for her to show that she had a good faith belief that her treatment was motivated by gender bias.[7] The Plaintiff is not required to produce direct evidence that she was retaliated against because she opposed sex discrimination. Employers rarely admit that they have engaged in sex discrimination and retaliated

---

[7]    Raniola v. Bratton, 243 F. 3d 610, 624 (2nd Cir. 2001); Cifra v. G.E. Co., 252 F. 3d 205, 217 (2nd Cir. 2001); Wimmer v. Suffolk County Police Dept., 176 F.3d 125, 134 (2d Cir. 1999), cert. denied, 528 U.S. 964, 120 S. Ct. 398 (1998); Cosgrove v. Sears and Roebuck & Co., 9 F.3d 1033, 1038-39 (2d Cir. 1993); Kotcher v. Rosa and Sullivan Appliance Center, Inc., 957 F.2d 59, 64 (2d Cir. 1992); Grant v. Hazelett Strip-Casting Corp., 880 F.2d 1564, 1569 (2d Cir. 1989); Bolick v. Alea Group Holding, L.T.D., 278 F. Supp. 2d 278, 284 no. 7 (D. Conn. 2003); O'Bar v. Borough of Naugatuck, 260 F. Supp. 2d 514, 516 (D. Conn. 2003); Peters v. City of Stamford, 2003 WL 1343265 * 8, n8 (D. Conn. March 17, 2003).

against an individual for reasons expressly forbidden by law.  Unlawful treatment, when it exists, is rarely admitted.  Rather it is a fact that may be inferred from the existence of other facts - that is, it may be proven through circumstantial evidence.  Your role as jurors will be to analyze all the facts and circumstances and determine, based upon a preponderance of the evidence, whether Ms. Jabren's complaint of sex discrimination was a motivating factor in the Defendant's decision to discipline her and terminate her employment.

A motivating factor is a factor that makes a difference in the Defendant's decision, played a part in the Defendant's decisions, or was a consideration that moved the Defendant toward its decision.  In order to prove that she was retaliated against by the Defendant for engaging in protected activity, Ms. Jabren must show, on the basis of the evidence presented, that it is more likely than not that her complaint was a motivating factor in the Defendant's decisions leading to her discipline and/or termination.  Ms. Jabren does not have to prove that her protected activity of complaining about her treatment was the sole or exclusive factor motivating the Defendant's actions.  While Ms. Jabren's protected activity may have been one of a number of factors that motivated her employer's decisions, it is enough for Ms. Jabren to show that retaliation played some role in her discipline and/or termination.

In assessing the circumstantial evidence in order to determine whether the Defendant's intent or motive for Jabren's termination was retaliatory, you may consider whether the reasons offered by the Defendant for its actions are believable or whether they are a pretext, or cover-up, for what in truth is retaliation and sex discrimination.  If you find that the Defendant's reasons are not worthy of belief, this may be sufficient to

establish that the Defendant's actions were taken for a retaliatory motive, and allow you to conclude that, when coupled with other evidence, the Plaintiff has proven her case. [8]

As jurors, it is your job to decide, based on all the evidence presented, whether or not the Plaintiff has proven that it is more likely than not that her complaint of sex discrimination to Vernieri was a motivating factor in the Defendant's decisions to discipline and/or terminate Jabren. If you conclude that these were motivating factors, I instruct you to find for Ms. Jabren.

---

[8]     Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148, 120 S. Ct. 2097 (2000); O'Connor v. Consolidated Coin Caterers Corporation, 517 U.S. 308, 116 S. Ct 1307 (1996); Price Waterhouse v. Hopkins, 490 U.S. 228, 250, 109 S. Ct. 1775, 1791 (1989) (plurality opinion); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Holtz v. Rockefeller & Co., 258 F. 3d 62, 78-9 (2d Cir. 2001); Weinstock v. Columbia University, 224 F. 3d 33 (2d 2000), cert. denied, 124 S. Ct. 53 (2003); Carlton v. Mystic Transport, Inc., 202 F. 3d 129, 135 (2d Cir. 2000), cert denied, 530 U.S. 1261 (2000); Banks v. Travelers, 180 F. 3d 358, 367 (2d Cir. 1999); Norton v. Sam's Club, 145 F.3d 114,118 (2d Cir. 1998); cert denied 525 U.S. 1001, 119 S. Ct. 511, (1998); Kirsh v. Fleet Street, Ltd, 148 F.3d 149, 162 (2d Cir. 1998); Danzer v. Norden System, Inc. 151 F.3d 50, 54 (2d Cir. 1998); Owen v. Thermatool Corporation, 155 F.3d 137, 139 (2d Cir. 1998); Stern v. Trustees of Columbia University, 131 F.3d 305, 312 (2d Cir. 1998); Fisher v. Vassar College, 114 F.2d 1332, 1333-1337 (2d Cir. 1997) (en banc), cert denied 525 U.S. 1075, 118 S.Ct. 851 (1998); Renz v. Gray Advertising, Inc., 135 F.3d 217 (2nd Cir. 1997);Luciano v. the Olsted Corporation, 110 F.3d 210, 215 (2d Cir. 1997); Stratton v. Department of Aging for the City of New York, 132 F.3d 869, 878 (2d Cir. 1997); Reed v. A.W. Lawrence & Co. Inc., 95 F.3d 1170, 1177 (2d Cir. 1996); Binder v. Long Island Lighting Co., 57 F.3d 193, 199 (2nd Cir.1995); Cronin v. AetnaLife Insurance Co., 46 F.3d 196, 203 (2d Cir. 1995);Cabrera v. Jakabovitz, 24 F.3d 372, 380-83 (2d Cir. 1994) cert. denied 115 S. Ct. 205 (1994); Ostroski v. Atlantic Mut. Ins. Companies, 968 F.2d 171, 180-1 (2d Cir. 1992); Owens v. New York Housing Authority, 934 F.2d 405, 409 (2d Cir.) cert denied, 112 S. Ct. 431 (1991); Rose v. James River Paper Company, 2 F.Supp. 2d 245, 253 (D.Conn. 1998); Zimitti v. Aetna Life Insurance, 1999 WL 781587 * 11, *12 (D. Conn. Sept. 14,1999); Ragin v. Laidlaw Transit Inc., 1999 WL 977603 * 2 (D. Conn. Oct. 4,1999); Shkolnick v. Combustion Engineering, Inc., 856 F. Supp. 82 (D. C. Conn. 1994).

## 7.    **DAMAGES - GENERAL PRINCIPLES**

Now if you have found for the Defendant as to both claims, you need not consider damages.  However, if you have found for the Plaintiff as to any of the claims, you must next consider the issue of damages.  You should bear in mind that the Plaintiff has the burden of proving by the preponderance of the evidence both that she was damaged and the extent of the damages.  The amount of damages you award, if any, must be reasonably calculated to make  Ms. Jabren whole for the injuries that she has suffered as a result of any violations of the law.

Before I instruct you on the issue of damages, a few words of caution are in order.

The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or the other on whether you should or should not reach the issue of damages in your deliberations.  Instructions on damages are given for your guidance in the event you do reach the issue of damages.  The issue of damages should only be considered in the event you find in favor of the Plaintiff in accordance with the other instructions I have given you.  Whether you should or should not reach the issue of damages with regard to any plaintiff is for you to decide.

You must not construe the Defendant's presentation of evidence on the issue of damages to be an admission that it is liable or that the Plaintiff is entitled to any damages.  The Defendant was required to address the issue of damages or it would have lost its opportunity to do so.  You should only consider the issue of damages - and the evidence presented on that issue - if you determine that the Defendant violated the Plaintiff's rights.

In the final arguments, counsel may have stated a certain sum of money which they claim should be awarded by you.  Now counsel has the right to make such a claim, but such argument is not evidence, and the award of damages is solely your function. There are several different types of damages you must consider.

8.    **BACK PAY AND BENEFITS**

In general, a victim of discrimination is entitled to be made whole for any loss of wages or benefits from the date of the discriminatory conduct until the date of trial.  If you find that the Defendant discriminated against the Plaintiff by terminating her in part because of her sex or because she opposed discriminatory conduct, the Plaintiff is entitled to the wages and benefits that she would have earned if the Defendant had not acted unlawfully.  This is known as "back pay."  This amount should be reasonably calculated to make the Plaintiff whole.   It should include the amount of the salary and benefits that she would have earned had he not been discriminated against, from the date of the termination until today, minus any income she has earned from other employment from the date of her discharge until today.  Lost salary includes a Plaintiff's base salary plus any pay raises, bonuses and benefits she would have received had she continued in the Defendant's employment.

The law places a burden upon the Plaintiff to prove facts that will enable you to arrive at the amount of damages with reasonable certainty.  While it is not necessary that the Plaintiff prove the amount of any damages with mathematical precision, she is required to present such evidence as might reasonably be expected to be available under the circumstances.  The Plaintiff is entitled to lost wages even if they are difficult to calculate.  You are permitted to determine the amount of damages by estimation or approximation, as long as there is a reasonable basis for estimation or approximation is shown with reasonable certainty.[9]

---

[9]    EEOC v. Joint Apprenticeship Comm., 164 F.3d 89, 100 -102 (2d Cir. 1998); Carrero v. New York City Hous. Auth., 890 F.2d 569, 579-81 (2d Cir. 1989); Whittlesey v. Union Carbide Corp., 742 F.2d 724, 727-29 (2d Cir. 1984); Koyen v. Consol. Edison Co., 560 F. Supp. 1161, 1164 (S.D.N.Y. 1983); Thurston v. TWA, 713 F.2d 940; 956 (2d Cir. 1983), aff'd in part 469 U.S. 111 (1985); Carey v.  Piphus, 435 U.S. 247, 98 S.

Ct. 1042 (1978); <u>Bernheim v. Litt</u>, 79 F.3d 318, 325-6 (2d Cir. 1996); <u>Malarkey v. Texaco, Inc.</u>, 794 F. Supp. 1237, 1243-44 (S.D.N.Y. 1992), aff'd, 983 F.2d 1204 (2d Cir. 1993); Modern Federal Jury Instructions, §104.06 87-87.

9.    **MITIGATION OF DAMAGES**[10]

Even if you find that the Defendant, by its actions, has harmed the Plaintiff, the Plaintiff is also obligated to use reasonable care to minimize the resulting losses and damages caused by the Defendant's actions.  A person who is damaged as a result of wrongful conduct by another has a duty under the law to use reasonable efforts to mitigate her damages.

The burden is the Defendant to prove, by the preponderance of the evidence, that the Plaintiff has not satisfied her duty to minimize her damages.  For you to find that the Plaintiff has failed to mitigate her damages, the Defendant must prove to you two things.  First, the Defendant must show that the Plaintiff did not use reasonable diligence in seeking employment.  A Plaintiff fails to use reasonable diligence when she could have sought employment at the same or comparable salary level and did not.  Second, the Defendant must also prove to you that if the Plaintiff had exercised such diligence, there was a reasonable likelihood that she would have found comparable work.

Only if you find that the Defendant has proven both that the Plaintiff failed to look for comparable work, and that the Plaintiff could have found comparable work if she did look for it, may you find that the Plaintiff failed to mitigate her damages.  If you find that the Plaintiff could have obtained comparable employment and that she unreasonably

---

[10]    The Plaintiff does not believe that the evidence in this case is sufficient to support a finding that she failed to mitigate her damages and therefore no jury charge should be given on this subject.  This proposed jury instruction is being provided for consideration only in the event the Court disagrees and determines that sufficient evidence exists to submit the failure to mitigate defense to the jury.

failed to do so, then you should deny backpay for the period of time after the Plaintiff

failed to mitigate her damages.[11]

---

[11]     Hawkins v. 1115 Legal Service Care, 163 F.3d  684, 695-696 (2d Cir. 1998); Dailey v. Societe Generale, 108 F.3d 451, 456 (2d Cir. 1997); Clarke v. Frank, 960 F.2d 1146, 1152 (2d Cir. 1992).

10.    **COMPENSATORY DAMAGES**

If you find that the Plaintiff has proved that she was discriminated and or retaliated against, she is also entitled to damages called compensatory damages. The purpose of this type of damages is to compensate the Plaintiff for any emotional losses she may have suffered due to the Defendant's illegal conduct.

Such damages include compensation for any humiliation, emotional pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that you find the Plaintiff experienced as a consequence of the Defendant's illegal conduct. No evidence of monetary value of such intangible things as pain and suffering need be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award that you make should be fair in light of the evidence presented at the trial.

Again, it is not necessary for the plaintiff to prove her emotional distress with mathematical precision, as long as she has presented the type of evidence you might reasonably expect to be available under the circumstances. You are permitted to determine the amount of damages by estimation or approximation, as long as a reasonable basis for estimation or approximation is shown with reasonable certainty.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the Plaintiff prove the amount of Plaintiff's losses with

mathematical precision, but only with as much definiteness and accuracy as

circumstances permit.[12]

---

[12]     42 U.S.C. §2000e-5(g)(1); 42 U.S.C. §1981a(b)(2), as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981(a)(1)(b)(3); <u>Carey v. Piphus</u>, 435 U.S. 247, 263-64 & n.20 (1978); <u>Miner v. City of Glens Falls</u>, 999 F.2d 655, 663 (2d Cir. 1993); <u>Carrero v. New York City Housing Auth.</u>, 890 F.2d 569, 581 (2d Cir. 1989);O'Malley et al., Federal Jury Practice and Instructions, §171.62 (5th ed. 2001).

**11.**   **PUNITIVE DAMAGES FOR DISCRIMINATION**

The third type of damages that you must consider is punitive damages for discrimination.  The Plaintiff claims that the acts of the Defendant were done willfully, intentionally, or with callous and reckless indifference to Plaintiff's rights so as to entitle her to an award of additional damages called punitive damages.  The purpose of an award of punitive damages is, first, to punish a wrongdoer for misconduct, and second, to warn others against engaging in similar misconduct.

Keep in mind that when I speak of the conduct of Defendant, I am referring to the conduct of individual management employees acting within the scope of their employment.  You must determine whether the conduct of any managerial employee, in the scope of his or her employment constitutes a willful violation of Title VII and of the Connecticut Fair Employment Practices Act.

To establish a willful violation of these laws, the Plaintiff must prove more than that she was subjected to discrimination and/or retaliation.  A violation is not willful if it is done by accident, inadvertence, or ordinary negligence.  To show a willful violation, the Plaintiff must prove by a preponderance of the evidence that when the Defendant's management employees discriminated and/or retaliated against her, they knew that their conduct violated the law or that they showed reckless disregard as to whether they were violating the law.  An employer acts with "reckless disregard" of its obligations under Title VII and of the Connecticut Fair Employment Practices Act if it shows disregard for these laws and acts with indifference to the act's requirements.

In determining whether Defendant's conduct was willful, you should assess whether the Defendant's managerial employees acted in reckless disregard of the law or of the consequences which might follow from its conduct, such as the Plaintiff's resulting economic losses, physical suffering and/or emotional distress. If you find that the Plaintiff has not met this burden, you must find for the Defendant as to this issue.

If you find that the Plaintiff has shown by a preponderance of the evidence that the Defendant's managerial employees acted willfully, you must next determine whether or not the Defendant has proven an affirmative defense. The law recognizes that a corporation should not be liable for punitive damages for the acts of managerial employees within the scope of their employment if the manager's acts are contrary to the corporation's good faith efforts to comply with the law. If you find that the Defendant was making good faith efforts to enforce a policy that prohibited violations of Title VII and the Connecticut Fair Employment Practices Act, you must find for the Defendant as to punitive damages. However, if you find that the Defendant has not proven by the preponderance of the evidence that the corporation was making good faith efforts to comply with its legal obligation to refrain from retaliation and discrimination, you must award punitive damages against the Defendant.

Now again, the amount that you should award in punitive damages, if any, is left to your discretion.  The amount that you award should be an amount that you feel will punish the Defendant for the misconduct of its managerial employees, and warn other corporations and individuals against discrimination.  If you decide to award punitive damages, you must use sound reason in setting the amount.  The amount should be as large as you believe necessary to fulfill the purpose of punitive damages.  In this regard, you may consider the financial resources of Defendant in fixing the amount of punitive damages.  However, the amount must not reflect bias, prejudice or sympathy toward any party.[13]

RESPECTFULLY SUBMITTED
FOR THE PLAINTIFF,

_____
Deborah L. McKenna ct17326
Peter Goselin ct16074
Livingston, Adler, Pulda,
Meiklejohn & Kelly P.C.
557 Prospect Avenue
Hartford, CT 06105
Phone: (860) 233-9821
Fax: (860) 232-7818
pdgoselin@lapm.org
dlmckenna@lapm.org

---

[13]     42 U.S.C. § 1981a(b)(1); Kolstad v. American Dental Ass'n, 527 U.S. 526 (1999); City of Newport v. Fact Concerts Inc., 453 U.S. 247, 266-67 (1981); Tolbert v. Queens College, 242 F.3d. 58 (2nd Cir 2001); Paolitto v. John Brown E&C, Inc., 151 F.3d 60 (2d Cir. 1998); Luciano v. Olsen, 110 F.3d. 210, 221-22 (2d Cir. 1997); Padilla v. Metro-North Commuter Railroad, 92 F.3d 117 (2d Cir. 1996) cert. denied, 520 U.S. 1274 117 S.Ct. 2453 (1997); Reichmen v.  Bonsignore & Mazzotta, 818 F.2d 278, 281-2 (2d Cir. 1987); Woodhouse v. Magnolia Hospital, 92 F.3d 248 (5th Cir. 1996); Leonard B. Sand, et al., Modern Federal Jury Instructions, & 77.01 at 77-30; Devitt & Blackmar, pocket part §104.07.

## <u>CERTIFICATE OF SERVICE</u>

This certifies that the foregoing Plaintiff's Proposed Jury Instructions has been mailed, overnight mail postage pre-paid on this 2nd day of November, 2004 to the following

Latasha Garrison
Bradley R. Johnson
Foley & Lardner
One Independent Drive, Suite 1300
Jacksonville, Florida 32202-5017


_____
Deborah L. McKenna