## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LINDA JABREN | : | CIVIL ACTION NO. 302CV100 AHN |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| JOHNSON CONTROLS, INC. | : | November 4, 2004 |
| Defendant. | : | |

Attached hereto is Defendant Johnson Controls, Inc.'s Proposed Jury Instructions.

Dated: November 4, 2004

Respectfully submitted:

Bradley R. Johnson
Florida Bar No. 0709425
Latasha A. Garrison
Florida Bar No. 0180602
FOLEY & LARDNER LLP
P. O. Box 240
Jacksonville, Florida 32201-0240
One Independent Drive, Suite 1300
Jacksonville, Florida 32202
Telephone: (904)359-2000
Facsimile: (904)359-8700

Wendi J. Kemp
(CT 11185)
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495
Telephone: (860) 275-6744
Facsimile: (860) 724-3397

Attorneys for Defendant, Johnson Controls, Inc.

004.447635.2

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1.

### JURY CHARGE

Members of the Jury:

We are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called plaintiff. In this action the plaintiff, Linda Jabren, alleges her former employer, Johnson Controls, suspended her and terminated her employment on the basis of her gender and in retaliation for her complaints of gender discrimination. The party against whom the suit is brought is called the Defendant. The Defendant Johnson Controls contends it terminated Ms. Jabren not because of her gender or retaliation but for violation of its No-Harassment policy.

By your verdict you will decide disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility of "believability" of each witness and the weight to be given to his or her testimony. During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers, and my instructions to you on the applicable law.

While the trial is in progress you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections. You should not infer or conclude from any ruling or other comments I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the court alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Authority:     3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*
§70.01 (4th ed. 1987)

Given          _____

Given as modified    _____

Refused        _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2.
## STATEMENT OF THE CASE

Johnson Controls is an integrated facilities management company that performs various services for the Pfizer Facility located in Groton, Connecticut (the "Facility").

On October 30, 2000, Ms. Jabren began her employment with Johnson Controls as a Facility Maintenance Mechanic, responsible for repairing and maintaining heating, ventilation and air conditioning systems as well as plumbing at the Facility. She was assigned to the North Campus Team ("NCT"), which was responsible for all maintenance on the north side of the Facility.

Plaintiff claims Johnson Controls violated Title VII of the Civil Rights Act and the Connecticut Fair Employment Practices Act. Specifically, the Plaintiff alleges Johnson Controls discriminated against her on the basis of her gender by suspending her in January and March 2001 and terminating her in March, 2001. Additionally, Ms. Jabren alleges her suspensions and termination were in retaliation for a report of gender discrimination she made in December, 2000.

Johnson Controls, however, contends it suspended Ms. Jabren after it received a complaint from one of Ms. Jabren's co-workers that Ms. Jabren harassed him. Johnson Controls suspended her for three working days. Johnson Controls further contends it suspended and subsequently terminated Ms. Jabren a month later after learning she touched a different co-worker in violation of its Zero Tolerance policy.

4

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3.**
**(POST-TRIAL)**
**PROVINCE OF THE COURT AND JURY**

Members of the Jury:

Now that you have heard the evidence and the arguments, it becomes my duty to instruct you as to the law applicable to this case.

It is your duty as jurors to follow the law as I state it to you and to apply the rules of law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me. You must follow the law as I give it to you whether you agree with it or not. Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You have been chosen and sworn as jurors in this case to try the issues of fact presented in the case before you. You must perform your duties without bias or prejudice as to any party. You are to accord a corporation the same consideration as an individual without regard to the relative size or worth of the parties. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all the evidence in the case, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Authority:        3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*
                  §71.01  (4th ed. 1987) (as modified)

Given            _____

Given as modified    _____

Refused          _____

004.447635.2

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4.
### ELECTION OF FOREPERSON

Upon retiring to the jury room, you will elect one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court. A verdict form has been prepared for your convenience. You will take this form to the jury room.


Authority:            3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*
                      §74.05 (4th ed. 1987).

Given                 _____

Given as modified     _____

Refused               _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5.
### VERDICT - UNANIMOUS - DUTY TO DELIBERATE

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberation, do not hesitate to re-examine your own views and change your opinion, if convinced it is wrong. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you should not be biased. You are judges --judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Authority:        3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*
                  §74.01 (4th ed. 1987) (as modified).

Given           _____

Given as modified  _____

Refused          _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6.
## PREPONDERANCE OF THE EVIDENCE

The burden of proof in a civil action is always on the Plaintiff in this case, Ms. Jabren. Ms. Jabren must prove every element of her claims by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when weighed against the evidence opposed to it, has more force and greater probability of truth.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, you must render a verdict in favor of the Defendant, Johnson Controls, as to that claim.

Authority:          3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*
                    § 72.01 (4th ed. 1987), as adapted.

Given               _____

Given as modified   _____

Refused             _____

004.447635.2

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7.
## DIRECT VERSUS CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of the case. One is direct evidence – such as the testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the laws make no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Authority:          ABA Model Jury Instructions, Employment Litigation § 1.02[2]

Given           _____

Given as modified    _____

Refused         _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8.
## CREDIBILITY OF WITNESSES--DISCREPANCIES IN TESTIMONY

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

004.447635.2

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Authority:          3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*
                    § 73.01 (4th ed. 1987).

Given              _____

Given as modified   _____

Refused             _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9.
### DEPOSITIONS--USE AS EVIDENCE

During the trial, certain testimony has been presented to you by way of deposition, consisting of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath (or on a video recording played on a television set). Such testimony is entitled to the same consideration, and is to be judged as to credibility and weighed and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present and had testified from the witness stand.

Authority:        3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*
                  § 73.02 (4th ed. 1987).

Given            _____

Given as modified  _____

Refused          _____

12

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10.
## ALL PERSONS EQUAL BEFORE THE LAW

This case involves a claim by an individual, Linda Jabren, and a company, Johnson Controls, Inc. A corporation is a legal entity which is comprised of any number of individuals. You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual like Ms. Jabren. All persons, including corporations like Johnson Controls, stand equal before the law, and they are to be treated as equals. You are not to give any special consideration or thought to the fact that Ms. Jabren is an individual while the corporation is a larger entity. You must judge the facts of the case equally as to both Ms. Jabren and Johnson Controls and without regard to the relative size or standing of either.

Authority:        O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions* §103.12 (5th ed. 2000) (as modified).

Given            _____

Given as modified    _____

Refused          _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11.
## ELEMENTS OF A GENDER DISCRIMINATION CLAIM

To prove a claim for gender discrimination, Ms. Jabren must show by the preponderance of the evidence that (1) she is a female; (2) she was qualified for her position; (3) an adverse employment action occurred, namely her suspension and ultimate termination; and (4) her firing occurred under circumstances from which discrimination can be inferred.

Authority:          *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63 (1997) (citing *Montana v. First Fed. S & L of Rochester*, 869 F.2d 100, 106 (2d Cir. 1989)); *see also Delgado v. Achieve Global*, 2000 WL 1861853 (Conn. Super. 2000).

Given            _____

Given as modified    _____

Refused          _____

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12.
### DEFINITION: "SIMILARLY SITUATED"

To establish the fourth element of her claim for gender and sexual orientation discrimination, Ms. Jabren can bring forth evidence that similarly-situated men were treated differently. The Disparate Treatment theory requires a finding that similarly-situated people of the other sex were treated more favorably. Similarly-situated employees must have a situation sufficiently similar to Ms. Jabren's to support at least a minimal inference that the difference of treatment may be attributable to discrimination. In order for employees to be "similarly-situated" for purposes of establishing a plaintiff's *prima facie* case, they must have been subject to the same standards governing performance evaluation and discipline, and they must have engaged in conduct similar to Ms. Jabren's. To determine that employees were similarly situated, you must decide Ms. Jabren has proven by a preponderance of the evidence that she and the male employees she alleges are comparable were similar in all material respects.

Plaintiff bears the burden of proving these individuals were similarly-situated. When determining whether Ms. Jabren is similarly-situated to a comparable employees, you should also compare the relevant employment circumstances, such as work history and company policy.

Authority:    *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60 (2d Cir. 1997); *Watts v. City of Norman* 270 F.3d 1288, 1293 (10th Cir. 2001); *Alfano v. Costello*, 294 F.3d 365, 375 (2d Cir. 2002); *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2nd Cir. 2001); *Norville v. Staten Island Univ. Hospital*, 196 F.3d 89, 96 (2d Cir. 1999) (quoting *Mazzella v. RCA Global Communications, Inc.*, 642 F.Supp. 1531, 1547 (S.D.N.Y. 1986) *aff'd.*, 814 F.2d 653 (2d Cir. 1987).

Given            _____

Given as modified    _____

Refused            _____

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13.**
**TITLE VII - RETALIATION**

Ms. Jabren also alleges Johnson Controls retaliated against her by suspending her and ultimately terminating her employment. Title VII prohibits employers from retaliating against employees who complain of alleged discrimination. In order to make out her claim of retaliation, the burden lies with Ms. Jabren to prove:

1. That she engaged in activity protected by Title VII of the Civil Rights Act, in this case complaining to Johnson Controls about sexual harassment by Pfizer employees, Peter Selegna and Gary O'Donnell; and

2. That Johnson Controls took an adverse employment action; and

3. That a casual connection exists between the alleged protected activity and the adverse employment action; and

4. For an adverse action to be "causally related" to protected activities, it must be shown that, but for the protected activity, the adverse action would not have occurred.

Authority:      42 U.S.C. §2000e-3(a); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Holt v. KMI Continental Inc.*, 95 F.3d 123 (2d Cir. 1996); *Arnold v. Yale New Haven Hosp.*, 213 F. Supp. 2d 142 (D. Conn. 2002).

Given            _____

Given as modified    _____

Refused          _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14.
## LEGITIMATE NON-DISCRIMINATORY REASON

If the reasons for an employment decision affecting Ms. Jabren's employment were for any reason other than unlawful gender discrimination or retaliation, then you are not to second guess that decision or to substitute your own judgment for whether that decision should have been made, even if the decision seems poor or erroneous.

The ultimate burden of proof on Ms. Jabren's claims of unlawful discrimination or retaliation remain at all times with Ms. Jabren. If Johnson Controls offers legitimate reasons for its employment actions, Ms. Jabren must prove by a preponderance of the evidence that Johnson Controls's stated reasons are not true.

| | |
|---|---|
| Authority: | Adapted from § 1.02(3)(b), American Bar Association Model Jury Instructions, Employment Litigation (1994); *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 120 S.Ct 2097, 147 L.Ed.2d 105 (2000) |
| Given | _____ |
| Given as modified | _____ |
| Refused | _____ |

004.447635.2

17

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15.
### SAME ACTOR INFERENCE

You may also consider the individuals who were making the employment decisions relating to Ms. Jabren. If you find that the same individuals who were responsible for making employment decisions favorable for Ms. Jabren also were involved in making decisions unfavorable for her, you may, but are not required to, infer that no discriminatory animus motivated that individual. In other words, if the "same actor" was involved in both decisions, you may consider this when deciding whether Johnson Controls intentionally discriminated against Ms. Jabren.

Where the termination is by the same persons who hired the plaintiff and such termination occurs within a relatively short time after the hiring, there is a strong inference that discrimination was not a motivating factor in the employment decision.

Authority:            *Brown v. CSC, Logic, Inc.*, 82 F.3d 651, 658 (5th Cir. 1996); *Evans v. Technologies*, 80 F.3d 954, 958 (4th Cir. 1996); *Hartsel v. Keys*, 87 F.3d 795, 804 n.9 (6th Cir. 1996); *Grady v. Affiliated Central, Inc.*, 130 F.3d 553, 560 (2d Cir. 1997); *Giordano v. Gerber Scientific Products, Inc.*, 2000 WL 1838337 (D. Conn. 2000); *see also Townsend v. Clairol*, 2001 WL 173764 (D. Conn. 2001).

Given                 _____

Given as Modified     _____

Refused               _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16.
### EFFECT OF INSTRUCTIONS AS TO DAMAGES

I will now instruct you on damages. You should only consider the issue of damages if you decide that Ms. Jabren proved all the essential elements of her claims against Johnson Controls by a preponderance of the evidence. If your verdict is for the defendant, you should not consider the issue of damages.

The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance in the event that you should find in favor of Ms. Jabren on the question of liability by a preponderance of evidence and in accordance with all of the other instructions.

Authority:         3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* (4th Ed. 1987) § 74.02, as adapted.

Given            _____

Given as modified    _____

Refused          _____

004.447635.2

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17.
### DAMAGES - BACK PAY

If you determine Ms. Jabren was not terminated in violation of Title VII and the Connecticut Fair Employment Practices Act, then you must determine the amount of damages Johnson Controls has caused her.

You may award as actual damages an amount that compensates Ms. Jabren for any lost wages and benefits she would have received had she not been suspended or terminated from employment. You may award these damages for the three days Ms. Jabren was suspended in January 2001 and/or from the date Ms. Jabren was suspended on March 1, 2001 through the date this trial began on November 15, 2004. This is called back-pay.

Ms. Jabren has a legal duty to do everything reasonably possible to minimize her own loss and reduce her damages. This means she was required to make the efforts that an average person in her circumstances would have made to obtain alternative compensation or other employment. If she fails to do this, you are not to award her back-pay for the period when she was not actively seeking employment or when she refused to accept employment offered to her.

You must subtract from any award of damages to Ms. Jabren the total amount of any monies Ms. Jabren actually earned following her suspension on March 1, 2001 to present.

Authority:     *Dilley v. SuperValu, Inc.,* 296 F.3d 958, 965-66 (10th Cir. 2002); 42 U.S.C.
               §2000e – 5(g)(1); 42 U.S.C. § 12117(a); ABA Model Jury Instructions:
               Employment Litigation §§ 1.07[1], 1.07[5].

Given          _____

Given as modified    _____

Refused        _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18.
### COMPENSATORY DAMAGES

If you find Johnson Controls is liable to Ms. Jabren, then you must determine an amount that is fair compensation for all of Ms. Jabren's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Ms. Jabren whole -- that is, to compensate Ms. Jabren for the damage she has suffered.

You may award compensatory damages only for injuries Ms. Jabren proves were proximately caused by Johnson Controls' allegedly wrongful conduct. The damages you award must be fair compensation for all of Ms. Jabren's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Johnson Controls. You should not award compensatory damages for speculative injuries, but only for those injuries which Ms. Jabren has actually suffered or that Ms. Jabren is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Ms. Jabren prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Authority:        5th Circuit Pattern Jury Instructions Number 15.2 (as adapted)

Given        _____

Given as Modified    _____

Refused       _____

21

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19.
## MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate – to avoid or minimize these damages.

If you find Johnson Controls is liable and that Ms. Jabren has suffered damages, Ms. Jabren may not recover for any item of damage which she could have avoided through reasonable effort. If you find by a preponderance of the evidence Ms. Jabren unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages which she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether Ms. Jabren acted reasonably in avoiding or minimizing her damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which Ms. Jabren could have mitigated. In deciding whether to reduce the plaintiff's damages because of her failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Johnson Controls has satisfied its burden of proving that Ms. Jabren's conduct was not reasonable.

Authority:    5th Circuit Pattern Jury Instructions Number 15.13

Given                    _____

Given as Modified        _____

Refused                  _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20.
### DAMAGES - PUNITIVE

If you determine Johnson Controls is liable to Ms. Jabren for violation of Title VII or the Connecticut Human Right Act, you must then determine whether the circumstances warrant or justify an award of punitive damages. Punitive damages are not intended to compensate Ms. Jabren, but to punish the wrongdoer for its egregious conduct and to deter the wrong-doer from engaging in egregious conduct in the future.

Before punitive damages can be awarded under Title VII or the Connecticut Fair Employment Practices Act, you must find Johnson Controls acted with malice or reckless indifference to the rights of Ms. Jabren protected by those laws. This is intentional discrimination. That is, Johnson Controls intended to discriminate against Ms. Jabren. In deciding this question, you should consider the meanings of "malice" and "reckless indifference." Both focus on Johnson Controls's state of mind. Specifically, whether Johnson Controls perceived or knew that it was acting in violation of Title VII and the Connecticut Fair Employment Practices Act. Malice is intentional wrong-doing or an evil-minded act. Reckless indifference means the defendant must have acted with wanton and willful disregard to the rights of the plaintiff, or in other words, that the defendant committed a deliberate act perceiving or knowing that it was violating Title VII or the Connecticut Fair Employment Practices Act. You should not award punitive damages merely because you find Johnson Controls discriminated against or retaliated against Ms. Jabren. As to each claim you must specifically find that Johnson Controls acted with callous disregard to Ms. Jabren's rights.

You may find that one, all, or none of the examples presented by Ms. Jabren indicate Johnson Controls had any evil-minded intent toward the plaintiff. It is for you to determine the

credibility, relevance, and significance of each piece of evidence and whether it supports Ms.

Jabren's contention that punitive damages should be awarded.

Authority:          42 U.S.C. § 1981a(b)(1);

Given               _____

Given as modified   _____

Refused             _____

004.447635.2

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21.**
**DAMAGES - PUNITIVE: AMOUNT**

If punitive damages are awarded, the damages must bear a reasonable relationship to Ms. Jabren's actual injury. In determining a reasonable relationship to the actual injury, you must consider all relevant factors, which include:

1.    The impact or severity of Johnson Controls's conduct;

2.    The amount of time Johnson Controls conducted itself in this manner;

3.    The amount of compensatory damages;

4.    The potential profits Johnson Controls may have made from this conduct;

5.    The attitudes and actions of Johnson Controls's top management after the misconduct was discovered;

5.    The effect of the damages award on Johnson Controls's financial condition; and

6.    Any punishment Johnson Controls may receive from other sources.

Authority:        42 U.S.C. § 1981a(b)(1); ABA Model Jury Instructions:  Employment
                  Litigation § 1.07[4] (1994).

Given            _____

Given as modified    _____

Refused            _____

# **PROPOSED JURY VERDICT FORM**

### The Jury must UNANIMOUSLY Agree on the Answers to **ALL** of the Questions.

1.      Has Ms. Jabren proven that Johnson Controls intentionally discriminated against her on the basis of her gender by suspending her?

              Yes     _____              No     _____

2.      Has Ms. Jabren proven that Johnson Controls intentionally discriminated against her on the basis of her gender by terminating her?

              Yes     _____              No     _____

3.      Has Ms. Jabren proven that Johnson Controls suspended her for retaliation for complaining about sexual harassment?

              Yes     _____              No     _____

4.      Has Ms. Jabren proven that Johnson Controls terminated her for retaliation for complaining about sexual harassment?

              Yes     _____              No     _____

If your answer to Question No. 1, 2, 3, or 4 is "YES", then go to Question No. 4. If your answer to Question No. 1, 2, 3 and 4 is "NO", the Foreperson should sign the form of verdict, and you should not answer any more questions.

5.      Has Johnson Controls proved, more likely than not, that Johnson Controls would have made the same employment decision concerning Ms. Jabren even if unlawful motive, namely Ms. Jabren's gender, was not present?

              Yes     _____              No     _____

If your answer to Question No. 5 is "NO", then go to Questions No. 6 and 7. If your answer to Question No. 5 is "YES", the foreperson should sign the form of verdict and you should not answer any more questions.

6.      Under the law as given to you in these instructions, state the amount of compensatory damages Ms. Jabren should be awarded from Johnson Controls.

              AMOUNT: $_____

004.447635.2

7.  Under the law as given to you in these instructions, state the amount, if any, of punitive damages that Ms. Jabren should be awarded from Johnson Controls.  If you find that punitive damages are not appropriate, check the box next to "A" and do not answer "B".

A.  _____ punitive damages should not be awarded.

B.  $_____ of punitive damages should be awarded.

The foreperson should sign and date the Form of Verdict.


_____
Foreperson

_____
Date

004.447635.2

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been delivered via e-mail and overnight delivery this 4th day of November, 2004 to: Peter Goselin, Esq., Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C., 557 Prospect Avenue, Hartford, CT 06105-2922.

ATTORNEY