UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LINDA JABREN                    :

    v.                          :  Civil No. 3:02cv100(AHN)

JOHNSON CONTROLS, INC.          :

COURT'S INSTRUCTIONS TO THE JURY

You have heard all of the evidence in the case and the final arguments of counsel.  I shall now instruct you concerning the law applicable to this case.

You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the court.  It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

In deciding the facts, you must not be swayed by bias or prejudice for or against any party.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

You are also not to be swayed by sympathy.  You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.

In sum, you are to carefully and impartially consider all of the evidence in the case, apply the law as stated by the court, and reach a just verdict.

<u>JUROR ATTENTIVENESS</u>

It is important that you pay close attention to me now while I instruct you on the law.  I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty.  Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention now as I instruct you on the law.

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or function as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or as to what your verdict should be.

## CONDUCT OF COUNSEL

It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence.

In allowing testimony or other evidence to be introduced over the objection of an attorney, the court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. My rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of the evidence. As I stated before, you the jury are the sole judges of the credibility of all witnesses and the weight and effect of all the evidence.

When the court has sustained an objection to a question addressed to a witness, you must disregard the question entirely and draw no inference from the wording of it or speculate what the witness would have said if he or she had been allowed to answer.

## BURDEN OF PROOF - PLAINTIFF

The plaintiff in this civil case has the burden of proving the allegations in her complaint by a preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried her burden on each essential element as to which she has the burden of proof, then you must find for the plaintiff on her claims.  If after such consideration you find the testimony of both the plaintiff and the defendant to be equally probable, then the plaintiff has failed to sustain her burden and you must find for the defendant.

BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

As this is a civil case, the burden of proof is a preponderance of the evidence. This standard of proof is more than simple equality of evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. If you find that the credible evidence on a given issue is evenly divided between the parties, then you must decide that issue against the party who is asserting it. But the party asserting a claim does not need to prove more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party who bears the burden of proof on an issue, then that issue is proved by a preponderance of the evidence.

A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim or defense has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and

you should put it out of your head.

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

It is the witnesses' answers that are evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by the court is also not evidence and may not be considered by you in rendering your verdict. Further, if certain testimony was received for a limited purpose -- such as for the purpose of assessing a witness's credibility -- you must follow the limiting instructions I have given.

What the lawyers have said in their closing arguments, in their objections or in their questions is not evidence. What they have said in their closing arguments is intended to help you understand the evidence and to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

Moreover, what I may have said during the trial or what I

may convey in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

In addition, materials brought forth only to refresh a witness's recollection are not evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

DIRECT & CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence is when a witness testified about something he knows by virtue of his own sense - something he has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is the present existence or condition of the exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.

For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here someone walked in with an umbrella which was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one

established fact the existence or non-existence of some other
fact.

Circumstantial evidence is of no less value than direct
evidence.  It is a general rule that the law makes no distinction
between direct and circumstantial evidence, but simply requires
that your verdict must be based on a preponderance of all the
evidence presented.

## INFERENCE DEFINED

During the trial you have heard the attorneys use the term "inference" and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiffs ask you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw - but not required to draw - from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

Furthermore, the mere existence of an inference against the defendant does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence.

Finally, you may not draw any inferences from the mere fact that the plaintiffs have filed this lawsuit.

13

WITNESS CREDIBILITY - GENERAL

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor - that is, their carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your every day life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the

14

opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of his testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment and your own life experience.

## IMPEACHMENT OF WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in either case in whole or in part.

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

17

## USE OF DEPOSITIONS AS EVIDENCE

During the trial certain testimony was presented to you by way of deposition testimony consisting of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys in this case.  The testimony of a witness who for some reason cannot be present to testify from the witness stand may be presented in writing under oath or on a video recording.  Such testimony is entitled to the same consideration, and is to be judged as to credibility and weighed and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present and had testified from the witness stand in this courtroom.

## MULTIPLE CLAIMS

Where, as here, more than one claim is made, you should consider each claim, and the evidence pertaining to it, separately, as you would if each claim had been tried before you separately.

## CORPORATE DEFENDANT

The defendant in this case is a corporation, not a person. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser or greater consideration by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other, individual party.

A corporation is a legal entity which acts through its managers.  The law holds a corporation responsible for the acts of its managers, if they are actions within the scope of their authority and within the ordinary course of their employment with the corporation.

Under Title VII, a corporation is liable to an employee for the intentional, unlawful discriminatory acts of a supervisor with authority over the employee.  If you find that the plaintiff has proven by a preponderance of the evidence that one of the supervisory employees of the defendant discriminated or retaliated against the plaintiff, you must find that the defendant corporation is liable for that discrimination or retaliation.

## THE PARTIES' CLAIMS

In this case, the plaintiff, Linda Jabren, alleges that the defendant, Johnson Controls, Inc. violated Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act by retaliating against her for complaining of an unlawful employment practice by the defendant and discriminating against her on the basis of sex when it suspended and/or terminated her employment.

The defendant denies the plaintiffs' allegations and asserts that the plaintiff was suspended and then terminated because the plaintiff violated the company's no harassment policy, and that it's action was based on legitimate business reasons.

I will now discuss the claims of the parties in greater detail.

<u>UNLAWFUL DISCRIMINATION</u>
<u>TITLE VII & CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT</u>

In Count One of the Complaint, the plaintiff alleges that the defendant intentionally discriminated against her because of her sex in violation of Title VII of the Civil Rights Act and the Connecticut Fair Employment Practices Act.  Both of these statutes make it unlawful for an employer to discriminate against and/or terminate an employee because of that employee's sex. These statutes do not require an employer to give special, favorable treatment to employees who are female.  Rather, the gender of an employee is to have neutral status.  This means that an employer, consistent with its business judgment, may terminate a female employee without violating Title VII and the Connecticut Fair Employment Practices Act even though it retains the employment of a male employee.  In other words, an employer is entitled to terminate an employee for any reason, as long as its decision is not based, even in part, on a legally-prohibited factor such as gender.  It is not your role to judge the wisdom of an employer's business decisions.  Your role is only to determine if the plaintiff has proven that her gender was a factor that made a difference in the defendant's decision to suspend and/or terminate her employment.

In deciding whether the defendant is liable to the plaintiff under Title VII and the Connecticut Fair Employment Practices Act you will use the same analysis.  Thus, if you find that the

defendant violated Title VII, you must also find that it violated the Connecticut Unfair Employment Practices Act.

<u>DISCRIMINATORY TERMINATION</u>

To prove her claim of sex discrimination under Title VII and the Connecticut Fair Employment Practices Act, the plaintiff must prove by a preponderance of evidence the following three elements:

1.   that she is a member of a protected group, that is, that she is a woman;

2.   that she was qualified for the position in question;

3.   that the defendant terminated her employment under circumstances suggesting that her gender was a motivating factor.

The plaintiff is not required to produce direct evidence that sex was a motivating factor in the defendant's decision to terminate her employment.  Rather, she may prove her claim through circumstantial evidence.  For instance, she may offer circumstantial evidence that similarly situated men were treated more favorably.  However, for employees to be similarly situated, they must be similar in all material respects to the plaintiff, they must have been subject to the same standards governing discipline, and they must have engaged in conduct similar to the plaintiff's.  Your determination of whether the defendant intentionally discriminated against the plaintiff is to be made from consideration of all the evidence, direct and circumstantial, and the surrounding circumstances.

With regard to the third element of her discrimination

claim, the plaintiff does not need to prove that sex discrimination was the sole or exclusive factor that motivated the defendant's decision to suspend and/or terminate her employment.  She does not need to prove that sex was the principal factor in the decision.  She must only prove that sex was one of the motivating factors in the defendant's decision -- that it was a contributing factor.

In determining whether the plaintiff has proven that sex was a motivating factor in the defendant's decision to suspend and/or terminate her employment, you also must consider whether the non-discriminatory reasons offered by the defendant for its actions are believable or whether they are a pretext, or cover up, for discrimination.  A legitimate nondiscriminatory reason is any reason or explanation unrelated to the plaintiff's gender.  In considering the legitimate, nondiscriminatory reasons stated by the defendant for its decisions, you are not to second-guess those decisions or to substitute your judgment for whether those decisions should have been made, even if the decisions seem poor or erroneous.  It is not your role to second-guess the defendant's business judgment.  The fact that an employer's decision was incorrect, unfair, unwise or capricious, or even based on personal favoritism or animosity, is irrelevant, as long as discrimination is not a motivating factor that made a difference in its decisions.

If you find that the defendant's reasons for why it suspended and/or terminated the plaintiff are not worthy of belief, but are only a pretext or excuse for discriminating against the plaintiff because of her gender, then you may infer, but you are not required to do so, that sex was a motivating or determining factor in the decision, even if it may not have been the only motivating factor.

If you find that the plaintiff has proven by a preponderance of the evidence that her sex was a motivating factor that made a difference in the defendant's decision to suspend and/or terminate her, then she is entitled to a verdict in her favor on Count One.  If she has failed, you must return a verdict for the defendant.

## SAME ACTOR INFERENCE

In determining whether the defendant unlawfully discriminated against the plaintiff in violation of Title VII and the Connecticut Fair Employment Practices Act you may consider the individuals who were making the employment decisions relating to the plaintiff.  If you find that the same individuals who were responsible for making employment decisions favorable to the plaintiff were also involved in making decisions unfavorable to her, you may, but are not required to, infer that no discriminatory animus motivated those individuals.  In other words, if the same actor was involved in both decisions, you may consider this when deciding whether the defendant intentionally discriminated against the plaintiff.  Where the termination is by the same persons who hired the plaintiff and the termination occurs within a relatively short time after the hiring, there is a strong inference that gender discrimination was not a motivating factor in the employment decision.  However, if the circumstances changed since the individual made a favorable employment decision towards the employee, for example - if the employee, after being hired, complained of an unlawful employment practice, then you can infer that it was the employee's complaint about her work environment that altered the circumstances of her employment.

This same actor inference is not applicable to the

plaintiff's retaliation claim.

<u>RETALIATION CLAIM</u>
<u>TITLE VII AND CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT</u>

In Count Two of the Complaint, the plaintiff alleges that the defendant violated Title VII and the Connecticut Fair Employment Practices Act by retaliating against her for complaining of an unlawful employment practice by the defendant.

Both Title VII and the Connecticut Fair Employment Practices Act prohibit an employer from taking any adverse employment action against an employee who complains about an unlawful employment practice. An employer violates these statutes when a retaliatory motive plays a part in an adverse employment action toward an employee, regardless of whether retaliation was the sole reason for the adverse action, and even if an objectively valid reason existed for the employment action.

Because the law applicable to the plaintiff's federal and state retaliation claims is the same, you should apply the following instructions to both claims in determining whether the plaintiff has proven that the defendant violated these statutes.

To prevail on her claim of retaliation, the plaintiff must prove by a preponderance of the evidence:

(1) that she complained to the defendant about an unlawful employment practice in the workplace;

(2) that the defendant took an adverse employment action against her; and

(3) that a causal connection exists between the plaintiff's

29

complaint and the defendant's adverse employment action against the plaintiff.  In other words, that the defendant was motivated, at least in part, to take adverse employment action against the plaintiff by an intent to retaliate against the plaintiff because of her complaint.

As discussed previously, a motivating factor is a factor that made a difference in the defendant's decision.  A plaintiff does not have to prove that retaliation was the sole or even the principal reason for the defendant's decision, as long as the plaintiff proves that retaliation played a role in the defendant's decision-making process and had a determinative influence on the outcome.

In determining whether the defendant's intent or motive for the plaintiff's termination was retaliatory, you should consider whether the reasons offered by the defendant for its actions are believable or whether they are pretextual.  If you find that the defendant's given reasons for why it suspended and/or terminated the plaintiff's employment are not credible, then considering all the circumstances, you may infer, although you are not required to do so, that retaliation was a motivating factor in the defendant's decision, even if it may not have been the only motivating factor.  But, as I previously told you, it is not your role to second-guess the defendant's business judgment.  The fact that an employer's decision was incorrect, unfair, unwise or

capricious, or even based on personal favoritism or animosity, is irrelevant, as long as retaliation for complaining about an unlawful employment practice by the defendant is not a motivating factor that made a difference in its decisions.

## DAMAGES

If you find that the plaintiff has proven by a preponderance of the evidence that the defendant suspended and/or terminated her because of her gender or that it retaliated against her because she complained of an unlawful employment practice by the defendant, then you must determine the amount of damages, if any, that the defendant's actions caused the plaintiff.  Bear in mind that the plaintiff has the burden of proving both that she was damaged and the extent of those damages.  You should not consider the issue of damages if your verdict is for the defendant on both of the plaintiff's claims.

You should also not conclude that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to determine liability.  These instructions are given to you so that you will have guidance if you decide that the plaintiff has proven either of her claims under Title VII and the Connecticut Fair Employment Practices Act by a preponderance of the evidence.

In their closing arguments the attorneys may have stated a certain sum of money which they claim should be awarded by you. An attorney has the right to make such a claim, but the attorney's claim and argument are not evidence.  The award of damages is solely your function and must be based on the evidence introduced at trial.

BACK PAY

If you determine that the defendant discriminated against the plaintiff on the basis of her gender and/or that the defendant took an adverse employment action in retaliation for the plaintiff's complaint of an unlawful employment practice by defendant, then you may award damages in the amount of back pay.

Back pay is an amount that represents the wages and benefits the plaintiff would have received if she had not been suspended or terminated.  The amount of any award of back pay damages should be calculated from the date of termination until today, minus any income the plaintiff earned from other employment, and taking into consideration any increases in salary and benefits that the plaintiff would have received had the defendant not discriminated against her.

The law places a burden on the plaintiff to prove facts that will enable you to arrive at the amount of damages with reasonable certainty.  While it is not necessary for the plaintiff to prove the amount of damages with mathematical certainty, she is required to present evidence that might reasonably be expected to be available under the circumstances. The plaintiff is entitled to lost wages even if they are difficult to calculate.  You may determine the amount of damages by estimation or approximation as long as there is a reasonable

33

basis for estimation or approximation that is shown with reasonable certainty.

<u>COMPENSATORY DAMAGES</u>

If you find that the defendant discriminated against or retaliated against the plaintiff you may also award the plaintiff damages to compensate her for any emotional losses she may have suffered as a result of the defendant's discriminatory and/or retaliatory conduct.

Compensatory damages include compensation for any emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life that you find the plaintiff experienced as a result of the defendant's wrongful conduct. The plaintiff has the burden of proving such compensatory damages by a preponderance of the evidence.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's wrongful conduct. The damages that you award must be fair and reasonable, no more, no less. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff actually suffered or is reasonably likely to suffer in the future. The law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. There is no exact standard for fixing the

compensation to be awarded for this type of damages.  No evidence of monetary value of such intangible things as pain and suffering need be introduced into evidence.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonably inferences where you deem appropriate from the facts and circumstances in evidence.  You may not award damages based on sympathy, speculation, or guess work.

<u>NO DOUBLE RECOVERY</u>

If you return a verdict for the plaintiff on both of her claims, you must award her the amount of money that you believe will fairly and justly compensate her for any injury that you believe she proved she sustained as a result of the defendant's conduct.  In calculating damages, you must remember that a plaintiff is entitled to be compensated only once for injuries actually suffered.  Thus, if you find in favor of the plaintiff on both of her claims, but her resulting injury was no greater than it would have been under only one of her claims, then you should award a total amount of damages no greater than you would award under only one claim.  In other words, you must be careful not to duplicate any damage award so as to avoid a double recovery.

If, on the other hand, you find in favor of the plaintiff on more than one claim, and you can identify separate injuries resulting from the separate violations, you should award an amount of damages equal to the total of damages you believe will fairly and justly compensate her for the separate injuries suffered.  You should indicate this total amount on the space provided on your verdict form.

<u>PUNITIVE DAMAGES</u>

Title VII authorizes, but does not require, an award of punitive damages.  If you find in favor of the plaintiff on one or both of her claims, then you must consider whether to award punitive damages.  The purpose of an award of punitive damages is, first, to punish a wrongdoer for misconduct and, second, to warn others against engaging in similar misconduct.

In this case you may award punitive damages if you find that the defendant engaged in the unlawful conduct that the plaintiff alleges with malice or reckless indifference to her right to be free from discrimination.  A party acts or a fails to act "maliciously" if he or she is prompted by ill will, or spite, or some improper motive.  A party acts or fails to act with "reckless indifference" if he or she acts in such a way that he or she pays no regard to the probable or possible injurious consequences of his or her conduct, or, although foreseeing such consequences of his or her conduct, persists in spite of such knowledge.  To establish a willful violation of Title VII and the Connecticut Fair Employment Practices Act the plaintiff must prove that the defendant, acting through its management employees, knew that its conduct violated the law, or showed reckless disregard as to whether they were violating the law.

Simply because you may have determined that the defendant is liable for discriminating against the plaintiff based on her sex,

that determination does not in itself justify an award of
punitive damages.  It is your duty to find whether the plaintiff
has proven that the defendant acted maliciously or with reckless
indifference to her rights under the law.  If you find that the
defendant violated the law when it took the adverse actions
against her, but that it so with a good faith effort to comply
with the law, then the plaintiff is not entitled to punitive
damages.

If you determine from the evidence presented in this case
that the conduct of the defendant justifies an award of punitive
damages, you may award an amount of punitive damages which all
jurors agree is proper.  In fixing the amount, you should
consider the following questions:  How offensive or reprehensible
was the conduct?  What amount is needed, considering the
defendant's financial condition, to prevent repetition?  Does the
amount have a reasonable relationship to the actual damages
awarded?  Did the defendant engage in repeated misconduct, or
just one isolated instance of misconduct?

Punitive damages are separate from compensatory damages and
are not intended to compensate a plaintiff for injuries, but as I
indicated before, are imposed to punish the defendant and prevent
similar misconduct in the future.  Therefore, because punitive
damages are determined separately, the amount of any award of
punitive damages is determined independently of the amount you

39

determined was appropriate to compensate her for her injuries.
Or, you may decide not to award any punitive damages.

If you do award punitive damages, you should fix the amount
using calm discretion and sound reason. You must not be
influenced by sympathy for or dislike of any party in the case.

<u>NOTE TAKING</u>

You were permitted to take notes during the course of the trial, and I noticed that some of you have taken notes. Please keep in mind, however, that your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own independent recollection of the proceedings and should not be influenced by the notes of other jurors.

CONCLUSION

Your verdict must be unanimous and represent the considered judgment of each juror.

Each of you must make your own decision, but you must consider impartially all the evidence and the views of your fellow jurors.  It is your duty to consult with one another and to deliberate with a view toward reaching an agreement if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your deliberations, do not hesitate to re-examine your individual view, or to change your opinion, if the deliberations and the views of your fellow jurors convince you it is erroneous.  However, you should not surrender your honest convictions as to the facts as you find them or as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times you are not partisan, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

You will take the verdict form to the jury room and answer the questions asked.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form.  Then inform the marshal that you have reached a verdict.

You are about to go into the jury room to begin your deliberations.  You will have exhibits with you.  If you want any of the testimony read, you must request that.  Please remember that it is not always easy to locate what you might want, so be as specific as possible in your request.  Your requests for testimony and, in fact, any communication with the court should be made to me in writing, signed by your foreperson, and given to one of the marshals.  I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that in your communications with the court you should never specify your numerical division at any time.

It is proper to add a final caution.  Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be

43

is your exclusive duty and responsibility.