**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LINDA JABREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:02-CV-100 AHN |
| | ) | |
| JOHNSON CONTROLS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**AFFIDAVIT OF LATASHA GARRISON-FULLWOOD IN SUPPORT OF
DEFENDANT'S BILL OF COSTS**

STATE OF FLORIDA )
COUNTY OF DUVAL )

Before me, the undersigned authority, personally appeared Latasha Garrison-Fullwood, who being first duly sworn deposes and says:

1.    I have been a practicing attorney in Jacksonville, Florida since 1999 when I was admitted to the Florida Bar. I am a member in good standing of the bar of the state of Florida and I am admitted to practice before the United States District Court for the Middle District of Florida. I am currently an attorney in the firm of Foley & Lardner.

2.    I specialize in employment law and have represented employers in cases brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. ("Title VII"), the Age Discrimination in Employment Act (the "ADEA"), the Americans With Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA") and other federal and state laws prohibiting discrimination in employment.

004.458859.1                                          -1-

3.    I have been a working attorney in this action on behalf of the Defendant, Johnson Controls, Inc., ("Johnson Controls"). I have been responsible for Foley & Lardner's charges to Johnson Controls for fees and expenses in connection with this case.

4.    All of the expenses which Johnson Controls seeks to tax as costs, which appear on the attached Bill of Costs, are correctly stated, were reasonable and were necessarily incurred by Johnson Controls in order to properly and successfully defend this case.

5.    I have fully reviewed the expenses in this case. After reviewing such expenses, I have determined that Johnson Controls was charged for a total of 18,842 photocopies which were made in this case, of which 1,458 of those represent copies made for use of the Court or for Plaintiff. At $0.15 per copy, the total cost of copies made for the use of the Court or for Plaintiff is $218.70. The remainder of the copy charges were for the convenience of Johnson Controls and are therefore not taxable to Plaintiff. Specifically, the $218.70 which Johnson Controls seeks to recover for the cost of copies represents charges for the copies of pleadings sent to the Court and to Plaintiff, copies of correspondence sent to the Court and Plaintiff and other documents tendered for purposes of discovery, for the purpose of complying with the Court's rules or for aiding the Court in its determination of the issues.

6.    Additionally, Johnson Controls incurred a total of $391.44 in long distance telephone charges. Of the total charges, $43.71 represents calls made to Plaintiff's attorney or to the Clerk of the Court and are therefore taxable as costs against the Plaintiff. The remaining charges were to other individuals and are therefore not taxable.

004.458859.1

-2-

Further Affiant saith not.

_____
Latasha Garrison-Fullwood

Sworn to and subscribed before me, this 1st day of December, 2004, by Latasha

Garrison-Fullwood.

_____
Signature of Notary

DIANE H. GALLOWAY
MY COMMISSION # DD 303645
EXPIRES: March 25, 2008

(Print, Type or Stamp Commissioned name of Notary Public)

Personally Known _____ OR Produced Identification _____

Type of Identification Produced_____